## COOK v. BERRY, County Judge, et al.† (No. 8744.)

(Court of Civil Appeals of Texas. Galveston. Jan. 6, 1926. Rehearing Denied Feb. 4, 1926.)

**Appeal and error ⟨key⟩1135.**

Where no statement of facts was filed, fundamental error was not apparent on face of record, and appellant filed no briefs, judgment will be affirmed.

Appeal from District Court, Trinity County; Carl T. Harper, Judge.

Action by W. A. Cook against Fred J. Berry, County Judge, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

W. A. Cook, of Groveton, in pro. per.

C. H. Crow and Hayne Nelms, both of Groveton, for appellees.

LANE, J. This suit was brought by appellant, W. A. Cook, in the district court of Trinity county, Tex., against Fred J. Berry, county judge of Trinity county, Tex., and his official bondsmen, and against C. M. McKin-

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction     † Writ of error dismissed for want of jurisdiction
April 20, 1926.                                       March 17, 1926.

non, county attorney of said county, and his official bondsmen, and Sam Moore, constable, and his official bondsmen, to recover actual and exemplary damages in the sum of $10,000 alleged to have been suffered by him by reason of his being incarcerated in the jail of Trinity county, upon a capias profine, which he alleged was wrongfully issued and therefore void. Defendants answered by general demurrers and general denials, except such allegations as were specially admitted. They specially averred that the capias upon which the plaintiff was arrested and confined was issued upon a valid judgment entered against him by the county court of Trinity county, convicting plaintiff of a penal offense and assessing his punishment at $10 and cost of prosecution, and that such arrest and confinement was strictly in conformity of law. The case was tried before a jury upon special issues and upon the answers, judgment was rendered for all defendants. From the judgment so rendered, the plaintiff has appealed.

There is no statement of facts filed in this court. There is no fundamental error apparent upon the face of the record. Appellant has filed no briefs in this court assigning the commission of any error in the trial. In such circumstances, it becomes our duty to affirm the judgment, and it is so ordered.

Affirmed.